IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AIG LIFE INSURANCE COMPANY : | | |
|                 Plaintiff, : | CIVIL ACTION | |
|                                   : | | |
|      v. : | No. 07-CV-3099 | |
|                                 : | | |
| F. LINDA RAFFERTY : | | |
|                 Defendant, : | | |
| and : | | |
| RYAN A. BATEMAN : | | |
|                 Defendant, : | | |
| and : | | |
| SHAWN D. BATEMAN : | | |
|                 Defendant. : | | |

**MEMORANDUM**

**O'NEILL, J.**                                                                                                            **May      , 2008**

Presently pending is plaintiff's Motion for Reimbursement of Counsel Fees and Costs Associated with Interpleader Relief and defendant Rafferty's response in opposition thereto. For the reasons set forth below plaintiff's motion will be denied.

**I.        FACTUAL BACKGROUND**

Plaintiff filed a complaint for interpleader and declaratory relief pursuant to the provisions of the Employee Retirement Income Security Act, 29 U.S. C. §1001 *et seq.*. The fund of money plaintiff deposited into the registry of this court includes the life insurance proceeds made payable as a result of the death of Rodger A. Bateman. Defendant F. Linda Rafferty is the decedent's former domestic partner. She claims to be the sole beneficiary of the proceeds of the

1

decedent's life insurance policy pursuant to an enrollment form he completed on February 1, 2000. Defendants Ryan and Shawn Bateman are the decedent's children. They claim to be - to the exclusion of decedent Rafferty - joint beneficiaries pursuant to the terms of the decedent's will dated November 11, 2005. Plaintiff acknowledged its duty to pay the proceeds of the life insurance policy and in accordance therewith deposited the proceeds into the registry of this court.

On December 18, 2007, I granted plaintiff's request for a final decree of interpleader relief and dismissed plaintiff with prejudice. Plaintiff presently moves for reimbursement of its counsel fees and costs incurred with filing the instant action. Plaintiff asserts that because it is a disinterested stakeholder it is entitled to reasonable attorneys' fees and the cost of filing an interpleader action from the funds in dispute. Plaintiff relies upon non-precedential authority in support of its position.

Defendant Rafferty responds that plaintiff did not file the interpleader action in good faith. She maintains that as a normal course of business plaintiff is responsible for investigating the validity of competing claims. She therefore concludes that simple research would have disclosed well established law that the childrens' claim to the insurance proceed was not valid. Defendant Rafferty also argues that plaintiff's costs are not customary nor reasonable given the allegedly minimal work required to file the interpleader. In the alternative defendant Rafferty argues that if the court awards plaintiff costs and fees such should be taxed against the decedent's children because their claim to the proceeds is frivolous.

**DISCUSSION**

Determining whether to award costs and attorneys' fees to the stakeholder in an interpleader action is a decision committed to the sound discretion of the trial court.  See, Mutual of Omaha Ins. Co. v. Dolby, 531 F.Supp. 511, 516 (E.D. Pa 1982).  "When a stakeholder has used the court to aid it in making a decision which is an ordinary one in the course of the stakeholder's business, an award of attorneys' fees is not appropriate in the circumstances.  Such an award would constitute a shifting of some of the stakeholder's ordinary business expenses to the claimants."  Fidelity Bank v. Commonwealth Marine and General Assurance Co., 592 F.Supp 513, 526 (E.D. PA 1984)(citing Dolby, 531 F.Supp at 517).  I conclude that an award of attorneys' fees is not appropriate in this matter.  Insurance companies must routinely determine the appropriate recipient in cases involving multiple claimants to insurance benefits.  See, Fidelity, 592 F.Supp. at 526.  Costs associated with doing so cannot be shifted to the fund nor to the claimants.  Plaintiff's request for counsel fees and costs will therefore be denied.

An appropriate order follows

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AIG LIFE INSURANCE COMPANY | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 07-CV-3099 |
| | : | |
| F. LINDA RAFFERTY | : | |
|     Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| RYAN A. BATEMAN | : | |
|     Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| SHAWN D. BATEMAN | : | |
|     Defendant. | : | |

## **ORDER**

AND NOW, this        day of May 2008, IT IS ORDERED that Plaintiff's Motion for Attorneys' Fees and Costs is DENIED.

It is FURTHER ORDERED that the Policy Proceeds currently deposited into the Registry of the Court be immediately distributed to F. Linda Rafferty.

BY THE COURT:

/s/ Thomas N. O'Neill

_____

THOMAS N. O'NEILL